OPINION
{¶ 1} Defendant-appellant, Michael Fisher ("appellant"), appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for post-conviction relief. For the reasons that follow we affirm.
 {¶ 2} On April 5, 2000 the Franklin County Grand Jury indicted defendant-appellant for felonious assault with a firearm specification. Appellant entered a plea of not guilty and was subsequently tried in the Franklin County Court of Common Pleas. At the conclusion of the trial, the jury returned a guilty verdict on the felonious assault charge and the firearm specification. On December 20, 2001, this court affirmed appellant's conviction. This court also certified a conflict on the issue of jurors asking questions to the Supreme Court of Ohio and the Supreme Court affirmed in State v. Fisher (2003),99 Ohio St.3d 127.
 {¶ 3} On September 22, 2004 appellant filed a motion for post-conviction relief, which was denied by the trial court on November 18, 2004. It is from this decision that appellant appeals.
 {¶ 4} Appellant raises the following three assignments of error on appeal:
Assignment of error number I:
Was appellant unavoidably prevented from discovering the facts upon which he relied to file a petition for post-conviction relief?
Assignment of error number II:
Did trial counsel provide effective assistance at trial?
Assignment of error number III:
Did Jury Instructio (sic) containing inference relieve prosecution of its burden of proof?
 {¶ 5} Pursuant to R.C. 2953.21(A), a defendant must file a petition for post-conviction relief within 180 days after the date on which the transcript is filed with the court of appeals in the appeal of the conviction, or, if no appeal is taken, no later than 180 days after the expiration of the time for filing the appeal. Said transcript in this case was filed on July 9, 2001. Appellant did not file his motion for post-conviction relief until September 22, 2004.
 {¶ 6} A trial court may entertain a motion for post-conviction relief filed in excess of 180 days if a defendant can show that he or she was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present his or her claim, and the petitioner shows by clear and convincing evidence that, but for the constitutional error at trial, no reasonable fact-finder would have found the petitioner guilty of the offense of which he or she was convicted. R.C. 2953.21(A)(2).
 {¶ 7} The trial court held that the only "newly discovered evidence" set forth by the appellant is evidence of the victim's reputation for violence, and that there is no evidence, or even an assertion by appellant, that he was unable to discover this evidence prior to the statutory deadline. We agree. All of the facts set forth by the appellant would have been known to him by the conclusion of the trial, and, therefore, known to him within the statutory time frame for filing a post-conviction petition. Accordingly, we overrule appellant's first assignment of error.
 {¶ 8} Because we overrule appellant's first assignment of error the rest of appellant's assignments of error are rendered moot.
 {¶ 9} For the foregoing reasons we overrule appellant's first assignment of error, appellant's second and third assignments of error are rendered moot, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
Judgment affirmed.
Brown and French, JJ., concur.